**In re the Petition for DISCIPLINARY ACTION AGAINST Daniel L. DOBSON, an Attorney at Law of the State of Minnesota.**

**No. C1-91-276.**

Supreme Court of Minnesota.

July 12, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Daniel L. Dobson has committed professional misconduct warranting public discipline. In the stipulation, the Director alleges seven separate counts which include multiple allegations of neglect of client files, misrepresentations to clients, and failure to cooperate with ethics investigations, as well as one count each of making false statements and unauthorized practice of law while suspended for nonpayment of attorney registration fees.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer and unconditionally admitted all of the allegations of the petition as amended by the stipulation. In mitigation, respondent alleges that his psychological condition played a role in his admitted misconduct and states that he presently is undergoing psychological counseling in order to address his problems with diligence and communications in legal matters. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 6–month suspen-

sion. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Daniel L. Dobson, hereby is suspended from the practice of law for a period of 6 months, effective immediately, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent's reinstatement shall be pursuant to the following procedures:

a. No sooner than 3 months after the date of his suspension, respondent may serve and file a petition for reinstatement. In no event shall respondent be reinstated until he has been suspended 6 months.

b. Respondent's petition for reinstatement must be accompanied by affidavits respecting respondent's fitness to practice law which show, *inter alia*, that respondent is psychologically fit, able to restrict his caseload to a reasonable level, and able to handle cases diligently and with adequate communications to his clients.

c. Upon receipt of respondent's petition for reinstatement, the Director shall investigate respondent's fitness to practice law. Respondent shall sign appropriate authorizations for release of information and otherwise cooperate with the Director's investigation. If the Director concludes that respondent is fit to practice law and has complied with Rule 18(e), Rules on Lawyers Professional Responsibility, the Director may recommend to the court that paragraphs (b) through (d) of Rule 18 be waived and that respondent be reinstated immediately to the practice of law, but in no event earlier than 6 months from the date of this order.

d. If the Director concludes after investigation that respondent has not shown that he is fit to practice law, the Director shall state the reason for his conclusion. In that event, respondent must seek reinstatement pursuant to paragraphs (b)

through (e) of Rule 18, Rules on Lawyers Professional Responsibility.

3. That respondent's reinstatement to the practice of law shall be subject to the terms and conditions imposed by this court, if and when this court orders reinstatement.

4. That the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.